**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DARRIS COLTON THOMAS, JR.,**

                **Plaintiff,**

      **v.**                                            **CASE NO. 18-3028-SAC**

**PATRICK H. THOMPSON, et al.,**

                **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Because it appears the plaintiff has no available financial resources, the Court grants leave to proceed in forma pauperis and

does not assess an initial partial filing fee. Plaintiff remains obligated to pay the $350.00 filing fee in installments calculated under 28 U.S.C. § 1915(b)(2).

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not

accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

**Discussion**

The defendants in this action are the state district court judge, the prosecutor in plaintiff's pending state criminal action, and the clerk of the Saline County District Court. Plaintiff seeks damages

and release from detention[1].

As a beginning point, the Court notes that the named defendants are shielded by immunities. First, a district court judge is "absolutely immune from § 1983 liability except when the judge acts 'in the clear absence of all jurisdiction.'" *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994), *cert. denied*, 513 U.S. 832 (1994)(quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Likewise, a prosecutor is shielded by absolute prosecutorial immunity for actions taken "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State". *McCormick v. City of Lawrence, Kan.*, 99 Fed.Appx. 169, 172 (10th Cir. 2004)(citing *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997))(quotation omitted). Finally, a court clerk is protected by quasi-judicial immunity for the performance of judicial acts, such as the entry of judgment. *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002), *cert. denied*, 538 U.S. 983 (2003).

The Court has examined the complaint and finds only vague allegations against the named defendants. In Count I, plaintiff claims that the defendant judge "is crossing the line between being the impartial governor being advocate for the prosecution & prosecutorial misconduct" (Doc. #1, p. 3); in Count II, he states that the defendant prosecutor "is stepping over her bounds. Even put in fraud 6455 motion on me. The court conspires against me." *Id*. The complaint contains no allegations against the clerk of the court. These bare allegations are insufficient to identify action that is not protected by the immunities identified, or to state a claim for relief.

---

[1] To the extent plaintiff seeks his release from confinement, his claim must be presented in habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, before he may seek federal habeas corpus, plaintiff must exhaust available state court remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

Instead, the complaint appears to challenge the pending criminal action and the police investigation that led to the charges against the plaintiff. However, none of the allegations identifies any action by the named defendants.

Because the named defendants are protected from suit by absolute immunities, and because the plaintiff has not presented well-pleaded allegations that plausibly suggest that these immunities do not apply, the Court directs plaintiff to show cause why this matter should not be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is granted. Plaintiff remains obligated to pay the $350.00 filing fee, collection action shall proceed under 28 U.S.C. § 1915(b)(2). His custodian will be notified by a copy of this order.

IT IS FURTHER ORDERED that on or before March 16, 2018, plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 16th day of February, 2018, at Topeka, Kansas.

                          S/ Sam A. Crow
                          SAM A. CROW
                          U.S. Senior District Judge